J-S38040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAARIQ ALFONS NORRIS | : | |
| | : | |
| Appellant | : | No. 1094 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 28, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001138-2020

BEFORE: LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED OCTOBER 23, 2023**

Taariq Alfons Norris (Norris) appeals from the March 28, 2023 judgment of sentence imposed by the Court of Common Pleas of Bucks County (trial court) following his guilty plea to attempted murder, aggravated assault, conspiracy to commit aggravated assault, possession of a firearm prohibited, carrying a firearm without a license and possession of an instrument of crime.[1] Norris's counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009) and a petition for leave to withdraw. We grant the petition and affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901(a), 2702(a)(1), 903, 6105(a)(1), 6106(a)(1) & 907(a).

**I.**

We glean the following facts from the certified record. On March 28, 2019, Norris and an unidentified co-conspirator opened fire on the victim, Asa Brewington, in a local park. Brewington shot back in self-defense, injuring Norris. Both Norris and Brewington were hospitalized and treated for gunshot wounds. Upon investigation, law enforcement obtained surveillance video of Norris and his co-conspirator parking approximately two blocks from the scene, walking toward the park, and then splitting up and approaching the victim from different directions before shooting him. Additionally, blood matching Norris's DNA was recovered from the scene and his DNA was recovered from the vehicle seen on the surveillance footage.

Norris proceeded to a jury trial in August of 2020. After two days of trial, however, he elected to enter a negotiated guilty plea to the above-mentioned charges. In exchange, the Commonwealth withdrew counts of conspiracy to commit murder, robbery and conspiracy to commit robbery and amended the count of possession of a firearm prohibited to a first-degree felony.[2] Additionally, Norris agreed to waive his right to file a motion to withdraw his plea, most post-sentence motions, a direct appeal and a petition under the Post-Conviction Relief Act.[3] Norris did, however, retain the right to

---

[2] 18 Pa.C.S. §§ 903 & 3701(a)(1)(ii).

[3] 42 Pa.C.S. §§ 9541 *et seq*.

challenge the discretionary aspects of his sentence in a post-sentence motion. Following a colloquy, the trial court accepted the plea and deferred sentencing for the preparation of a presentence investigation report (PSI).

Norris proceeded to sentencing in November of 2021. The Commonwealth entered the PSI into evidence, which included a recommended sentence of 27 to 55 years of incarceration based on Norris's criminal history and escalating pattern of violent behavior. It pointed out that Norris was on parole for a violent robbery at the time he committed the instant offense and was prohibited from possessing a firearm. The Commonwealth further argued that a lengthy sentence was justified because Norris perpetuated the shooting in daylight hours in a community park with many bystanders. It contended that Norris had a long criminal history, as both a juvenile and an adult, and had incurred numerous misconducts during his various stints of incarceration. He had no history of legal employment and he had misled his parole officer that he sustained the injuries from this incident in a motor vehicle accident. Based on these factors, the Commonwealth contended that an aggravated-range sentence was appropriate.

Norris argued in favor of an aggregate sentence of 15 to 30 years' incarceration. He pointed out that the PSI revealed a learning disability that went untreated in his early years and that his criminal behavior increased in conjunction with his drug use, which began with marijuana and escalated to heroin. Counsel conceded that at 26 years old, Norris presented as a danger

to the community but argued that his likelihood of recidivism would decrease dramatically by the time he was over 40 years old. He argued that Norris accepted responsibility by entering his guilty plea and declined to disclose the name of his co-conspirator to investigators out of concern for his safety. While he acknowledged that Norris was the instigator of the shooting, he also pointed out that he was shot and hospitalized himself in the incident. Norris's mother also attended sentencing but did not address the court.

Norris read a prepared statement to the trial court expressing regret for his actions and apologizing to the victim, his family and the community. He asked for leniency in sentencing because he had a young daughter. He explained that he did not have a father in his life as a child and did not want his daughter to grow up in similar circumstances. He said that he was only 23 years old during the underlying incident and as he got older he no longer wanted to engage in criminal behavior. He intended to use his time in state prison to earn college credits or learn a trade so he could contribute to his community upon release.

The trial court explained that in crafting its sentence, it considered the serious and violent nature of the offenses and that both Norris and the victim had nearly died as a result of his actions. It explained that Norris had endangered bystanders in the park and that the shooting appeared planned and calculated. It had reviewed the PSI, which explained Norris's juvenile and criminal record in depth, and noted that this was not Norris's first violent

criminal offense. Further, Norris was on parole at the time of the shooting and was not permitted to possess a firearm.

In mitigation, the trial court acknowledged that Norris had elected to plead guilty and had admitted responsibility for his crimes, albeit after his jury trial had already begun. It accepted Norris's representations that he intended to change his life while incarcerated and did not want to return to criminal behavior upon release. It noted that Norris experienced difficulty in school as a child and did not have significant parental supervision at that time. However, it was concerned that Norris had accumulated misconducts while incarcerated, had never obtained legitimate employment and had admitted to the PSI investigator to a history of being a "follower" of "others with criminal mentality." N.T., 11/12/21, at 21. All parties had agreed that he currently presented a danger to society. The trial court stated that it would not follow the recommended sentence in the PSI and hoped that if Norris was released earlier he could become a productive member of society.

For the count of attempted murder, the trial court imposed a sentence of 17 to 34 years of incarceration. For conspiracy to commit aggravated assault, it sentenced him to five to ten years' incarceration. For the count of possession of a firearm prohibited, it sentenced him to six to 12 years' incarceration. It imposed no further penalty on the remaining counts. All sentences were within the standard range of the guidelines and imposed concurrently, for an aggregate sentence of 17 to 34 years of incarceration.

Norris did not file a timely motion for reconsideration of his sentence but, following proceedings under the PCRA, his right to file such a motion and an appeal of the discretionary aspects of his sentence was reinstated. He filed a counseled motion for reconsideration asserting that prior counsel did not adequately prepare him for sentencing or present available witnesses to testify about his character and background in mitigation.

The trial court held a hearing on the motion on March 28, 2023. The Commonwealth did not present any additional evidence but incorporated the PSI from the initial sentencing hearing into evidence. Norris did not object to the contents of the PSI and presented his mother, Darlene Cheatham, as a witness on his behalf. Cheatham testified that she had raised Norris as a single mother of seven and had numerous health issues. She said that he had a troubled childhood and asked for leniency in sentencing because he had a daughter and a sick mother. She said that she spoke with him daily during his incarceration and believed that he had already experienced growth and learned from his past mistakes. She reiterated that he wanted to be released to help raise his daughter and spend time with family. Norris's brother also attended the hearing in support but did not offer testimony.

Norris once again testified on his own behalf and said his trial attorney had not properly represented him and had pressured him into pleading guilty. Since the prior sentencing hearing, he had completed drug and alcohol and violence prevention classes in prison and attended religious classes weekly.

He said he did not believe it would take 20 years[4] for him to be rehabilitated and that at 28 years old, he was already viewing life differently than he had at the time of his offense. He was employed full-time at the prison and believed that he could succeed in legitimate full-time employment if released. He said he wanted to be a part of his daughter's life and, though he communicated with her while in prison, he wanted to provide for her while she was growing up. He again apologized to the victim, his family and the community and pledged to positively contribute to his community if released.

The trial court acknowledged that Norris's daughter was another victim of his criminal conduct but noted that Norris knew he had a daughter at the time of the shooting and chose to engage in criminal behavior regardless. As a result, it did not give weight to his argument that he should be released to parent his daughter. It considered Cheatham's testimony and noted that she was very supportive of him and optimistic about his ability to change. It considered her to be another victim of Norris's conduct but stated that she was an admirable individual who had attempted to raise him well.

Based on Cheatham's testimony and his brother's support at the hearing, the trial court reduced the sentence for attempted murder to 16 to 32 years of incarceration, which was still in the standard range of the

---

[4] Norris said that he had been sentenced to three years' incarceration for his parole violation in addition to the 17-to-34-year sentence on the instant case.

sentencing guidelines. In all other respects, the sentence remained the same and the aggregate sentence was 16 to 32 years' incarceration. Norris timely appealed and counsel filed a statement of intent to file an **Anders** brief pursuant to Pa. R.A.P. 1925(c)(4). The trial court filed an opinion pursuant to Pa. R.A.P. 1925(a). Counsel has filed an **Anders** brief and an accompanying petition for leave to withdraw as counsel in this Court.

## II.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa. Super. 2013). Procedurally, counsel must: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013). Substantial compliance with these requirements is sufficient to permit withdrawal. **Commonwealth v. Reid**, 117 A.3d 777, 781 (Pa. Super. 2015).

Counsel has substantially complied with these procedural mandates. Counsel's brief avers that he reviewed the entire record and concluded that the instant appeal is frivolous. He served a copy of the brief and petition to

withdraw on Norris and attached a copy of the letter he sent to Norris to his petition to withdraw. **See Commonwealth v. Woods**, 939 A.2d 896, 900 (Pa. Super. 2007) (noting that counsel must attach to their withdrawal petition a copy of the letter sent to the client). The letter informed Norris that he has the right to hire private counsel or file a *pro se* brief. Norris has not filed a *pro se* response to counsel's brief or retained new counsel.

We now examine the substantive elements of the **Anders** brief. The brief accompanying the petition to withdraw must: (1) provide a summary of the procedural history and facts with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. **See Santiago**, **supra**, at 361. Counsel's **Anders** brief summarizes the factual and procedural history, identifies one potential issue, and outlines the legal and factual analysis that led counsel to conclude that any appeal would be frivolous. Because counsel has substantially complied with the procedural and substantive requirements of **Anders**, we now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, **supra**, at 355 n.5.

## III.

## A.

"A plea of guilty forecloses challenges to all matters except the voluntariness of the plea, the jurisdiction of the court, or the legality of the sentence." *Commonwealth v. Stewart*, 867 A.2d 589, 591 (Pa. Super. 2005). Additionally, a defendant who enters an open plea may challenge the discretionary aspects of the sentence. *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa. Super. 2005). All crimes charged in this case were alleged to have occurred in Bucks County. Accordingly, there is no non-frivolous challenge to the jurisdiction of the trial court to adjudicate the claims. *See* 42 Pa.C.S. § 931(a) (jurisdiction of the courts of common pleas); *Commonwealth v. Arcelay*, 190 A.3d 609, 614 (Pa. Super. 2018) ("[A]ll courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code." (citation omitted, alteration in original)).

Similarly, a defendant must preserve a challenge to the validity of his plea by filing a motion to withdraw the plea or raising an objection on the record. *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468-69 (Pa. Super. 2017). Here, however, Norris waived his right to challenge the validity of his plea following an extensive colloquy and, thus, did not file a motion to withdraw his plea. *See* N.T., 8/11/21, at 22-24. As a result, any such challenge on appeal to the validity of his guilty plea is wholly frivolous. Finally, we discern no illegality in Norris's sentence, as the sentences at each count

were well within the statutory maximums and the offenses do not merge. ***See***

18 Pa.C.S. § 106(b); 42 Pa.C.S. § 9765.

**B.**

Next, we consider whether the trial court abused its discretion in granting in part Norris's post-sentence motion for reconsideration of his sentence and reducing his aggregate sentence by one to two years.[5] "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Conte***, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citation omitted). An appellant must preserve his claims at the time of sentencing or in a post-sentence motion, file a timely notice of appeal, include a statement of reasons for allowance of appeal pursuant to Pa. R.A.P. 2119(f) in his brief, and raise a substantial question for review. ***Id.*** Here, Norris filed a timely post-sentence motion and notice of appeal. In his brief, counsel concludes

---

[5] Our standard of review is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Wallace***, 244 A.3d 1261, 1278–79 (Pa. Super. 2021) (citation omitted).

Norris could not raise a substantial question regarding the appropriateness of his sentence. We agree.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Clarke***, 70 A.3d 1281, 1286–87 (Pa. Super. 2013) (citation omitted). "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted, alteration in original).

The only claim Norris presented in his post-sentence motion for reconsideration of his sentence was that prior counsel did not prepare him adequately for sentencing or present character witnesses on his behalf. He did not claim that the trial court had not properly considered mitigating factors at sentencing or that it had otherwise failed to comply with the Sentencing Code or abide by the fundamental norms underlying the sentencing process. ***Conte***, ***supra***. In response to the motion, the trial court held a hearing in which it heard from Cheatham, received additional allocution from Norris and reduced the sentence based on Cheatham's testimony.

On appeal, counsel acknowledges that the only sentencing claim Norris can now raise is that the trial court should have reduced his sentence more

based on the additional information it received at the reconsideration hearing. However, a bald claim that the trial court did not give adequate consideration to mitigating factors does not raise a substantial question for our review.[6] **Disalvo**, **supra**. Accordingly, any challenge to the discretionary aspects of his sentence is frivolous.

## C.

Finally, after independently reviewing the record, we conclude that there are no additional non-frivolous issues that may support the appeal. **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the **Anders** procedure requires this Court to first review the issues raised by counsel and then review the entire record "to ascertain if

---

[6] Even if we were to find a substantial question, a challenge to Norris's sentence is frivolous on its merits. The trial court imposed a sentence within the standard range of the sentencing guidelines following a hearing in which it received Norris's witnesses, heard his allocution and considered an extensive 31-page PSI that described his background and upbringing in significant detail. The trial court provided detailed reasoning for the sentence at both hearings and in its opinion on appeal, reviewing all required sentencing factors and providing factual findings. N.T, 11/12/21, at 18-24; N.T., 3/28/23, at 17-20; Trial Court Opinion, 6/28/23, at 10-16; **see also** 42 Pa.C.S. § 9721(b). Under these circumstances, we discern no abuse of discretion in the trial court's sentence. **See Commonwealth v. Hill**, 210 A.3d 1104, 1117 (Pa. Super. 2019) ("Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.").

on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated").

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/23/2023